## Gaglioti's Petition

*James A. Cochrane*, for petitioner.

*H. B. Read* and *Henry L. Mulle*, contra.

BROOMALL, J., June 3, 1935.—The Government has filed a motion for denial of petition of Vincenzo Gaglioti for citizenship on the ground that petitioner is not a person of good moral character. This motion was argued before the court en banc. All the requirements have been met by petitioner except the one relating to his good moral character.

The facts involved in this question are not in dispute.

In the court of quarter sessions of this county as of no. 143, June sessions, 1933, petitioner pleaded guilty to violation of the liquor laws and was sentenced to pay a fine of $200, together with the costs, and to serve a minimum jail term of six months with a one-year maximum. On March 11, 1932, petitioner entered a plea of guilty to possession and manufacture of intoxicating liquor in the United States district court at Trenton, New Jersey, and was sentenced to four months in jail. In the same court on May 13, 1932, he was sentenced to serve three months in jail to begin at the expiration of the four-months' sentence, on a plea of guilty on an indictment for illegal transportation of liquor. In addition, as of no. 260 March sessions, 1930, in the quarter sessions court of this county, he was acquitted on an indictment for violating the liquor laws and on January 2, 1923, was acquitted in the United States district court at Philadelphia for passing counterfeit money. He was arrested on several other occasions under different names but in each instance was discharged.

The Government contends that his convictions for violation of the liquor laws should bar his application for naturalization under the Act of Congress of June 29, 1906, 34 Stat. at L. 596, paragraph 4, which reads as follows:

"It shall be made to appear to the satisfaction of the court admitting any alien to citizenship that immediately preceding the date of his application he has resided continuously within the United States, five years at least, and within the State or Territory where such court is at the time held one year at least, and that during that time he has behaved as a man of good moral character, attached to the principles of the Constitution of the United States, and well disposed to the good order and happiness of the same."

All the members of this court agree, after argument, that the motion for denial should be allowed and the petition dismissed. How can it be said that the petitioner

was "attached to the principles of the Constitution of the United States" when he was guilty on more than one occasion of violation of the prohibition amendment? He has no moral or constitutional right to obtain the privileges of citizenship in this country when he has so flagrantly violated the Constitution. It is a high privilege to become a citizen and the applicant must conform to all requirements.

Counsel for petitioner argues that repeal of the eighteenth amendment to the Constitution automatically relieves petitioner of the stigma of his convictions. With this we do not agree, and the decisions are not to that effect. Petitioner cannot now be heard to say that he is "attached to the principles of the Constitution of the United States" when he violated the Constitution while the eighteenth amendment was in effect. The unqualified repeal of the eighteenth amendment simply deprived the courts of jurisdiction to entertain any prosecution pending under the National Prohibition Act.

Neither can it be said, as stated by counsel, that petitioner having paid the penalty, we would now be inflicting further punishment upon him by refusing his petition. His convictions and the sentences he served while the provisions of the act were in force still remain against him.

And now, to wit, June 3, 1935, upon consideration of the above petition for citizenship and the motion of the representative of the United States of America in open court for denial of the petition, the motion is hereby allowed and the above petition denied and dismissed, with an exception allowed to this ruling of the court to petitioner.